# JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 11-01984-CJC(RNBx)　　　　　　　　　　Date: March 7, 2012

Title: <u>LANTOW, INC. V. KAREN L. ORTEGA</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Dwayne Roberts</u>　　　　　　　　　　<u>　　N/A　　</u>
Deputy Clerk　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　ATTORNEYS PRESENT FOR DEFENDANT:

　None Present　　　　　　　　　　　None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction and Background**

　　　　On August 3, 2011, Plaintiff Lantow, Inc. ("Lantow") filed this unlawful detainer action against Defendant Karen L. Ortega in Orange County Superior Court, arising from the possession of the residential property located at 15391 Baffin Circle in Huntington Beach, California (the "Property"). (Dkt. No. 1, Exh. A [Complaint].) Ms. Ortega formerly had title to the Property until it was sold to Lantow in a nonjudicial foreclosure sale on July 27, 2011, after which the title of the Property became vested with Lantow. (Compl. ¶¶ 4, 5.) On July 29, 2011, Lantow served on Ms. Ortega a Notice to Quit within three days. (*Id.* ¶ 7 & Exh. 2 [Not. to Quit].) Ms. Ortega, however, refused to deliver up possession of the Property and continues to reside on the Property without Lantow's permission or consent. (*Id.* ¶ 8.) Lantow seeks possession of the Property, pursuant to Cal. Code Civ. Proc. § 1161a, as well as restitution and damages at the rate of $78.50 per day—the reasonable rental value of the Property—for each day Ms. Ortega continues in possession. (*Id.*, Prayer.) On December 27, 2011, Ms. Ortega removed the action to this Court on the basis of federal question jurisdiction. (Dkt. No. 1 [Not. of Removal].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01984-CJC(RNBx)            Date: March 7, 2012
           Page 2

**Discussion**

     Legal Standard

     A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1371 (9th Cir.1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.,* 631 F.3d 1133, 1135 n.1 (9th Cir.2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.") The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

     Federal Question Jurisdiction

     This case appears to be a straightforward action for unlawful detainer, a state-law claim, brought against a California resident under section 1161a of the California Code of Civil Procedure. Lantow does not allege any cause of action under federal law in its Complaint. Nevertheless, in her Notice of Removal, Ms. Ortega suggests that this Court has federal question jurisdiction on the basis that Lantow committed wrongful foreclosure and purportedly violated federal laws, including the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), among others. (Not. of Removal ¶ 7.) However, removal jurisdiction must be determined from the "four corners" of the complaint as it existed at the time of removal. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). There is no federal claim asserted in the Complaint at the time of removal. Moreover, in her Notice of Removal, Ms. Ortega neither indicates that she has filed a cross-complaint against Lantow on these federal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01984-CJC(RNBx)                                    Date: March 7, 2012
                                                                                                   Page 3

---

claims nor has she attached a cross-complaint against Lantow.  The Court concludes that it has no federal question jurisdiction over this matter.

      <u>Diversity Jurisdiction</u>

      Ms. Ortega also does not meet her burden of establishing diversity subject matter jurisdiction.  Ms. Ortega indicates on the Coversheet to her Notice of Removal that she and Lantow are both citizens of California, and the Complaint does not allege anything to the contrary.  The Complaint also clearly states on the title page "POSSESSION UNDER $10,000."  Thus, neither the requirement for complete diversity nor jurisdictional amount is met.  Moreover, the Court's independent calculation of the requested damages in the amount of the reasonable rental value of the Property does not yield a different result.  Lantow requested $78.50 per day that Ms. Ortega is in possession of the Property, beginning on August 3, 2011 (the date this suit was filed) to December 27, 2011 (the date of removal).  This means that the total requested amount in damages is <u>$11,539.50</u> (calculated by multiplying the total number of days (147 days) by $78.50 per day), which falls well below the jurisdictional threshold.  Ms. Ortega did not provide any evidence refuting this amount to show by a "legal certainty" or even by a "preponderance of the evidence" that the amount in controversy is above $75,000.  *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir.2007).  The Court thus lacks diversity jurisdiction over this action.

**Conclusion**

      The Court, on its own motion, therefore REMANDS this action to state court for lack of subject matter jurisdiction.

jwp

MINUTES FORM 11
CIVIL-GEN                                                                                           Initials of Deputy Clerk dr